QUICKEL, APPELLEE, *v.* MCGONNELL, APPELLANT.

(No. 9-144—Decided June 27, 1983.)

*Mr. Lynn Schleusener,* for appellee.
*Mr. Paul H. Hentemann,* for appellant.

COOK, J. Appellant, Thomas Mc-Gonnell, and appellee, Joyce Quickel, are adjoining landowners. Appellant cut down and dug up four blue spruce trees, two taxus spreader bushes, and a ten foot high tree stump located near the boundary line of the parties' properties. Appellant's actions left holes in the ground and churned up the ground where the trees and bushes had been uprooted.

Appellee filed suit in Painesville Small Claims Court seeking damages for trespass. Appellant's defense was that the trunks of the trees were located on his property. A hearing was held before a referee. Appellee presented pictures, estimates of damages, and measurements of the damage to her property. The measurements showed that the damage from the uprooting of the trees ran six feet two inches to thirteen feet nine inches into her property. Appellant presented photographs but did not produce any survey of the properties. The referee found for the appellee in the amount of $500. Appellant filed objections to the report of the referee, but the court overruled the objections and adopted the report of the referee.

Appellant has appealed the judgment of the trial court and has filed the following two assignments of error:

"1. The Small Claims Court referee did not have statutory jurisdiction to determine a property line dispute since this is clearly a matter of equity and is clearly precluded by Section 1925.02 of the Ohio Revised Code.

"2. The decision of the Small Claims Court referee, affirmed by the Painesville Municipal Court, is against the obvious manifest weight of the evidence."

The assigned errors are without merit.

As to appellant's contention that the small claims court did not have statutory jurisdiction to determine a property line dispute, R.C. 1925.02 provides that:

"A small claims division established under section 1925.01 of the Revised Code has jurisdiction in civil actions for the recovery of personal property taxes and money only, other than libel, slander, replevin, malicious prosecution, abuse of process actions, actions on any claim brought by an assignee or agent, except the county treasurer, and actions for punitive damages, for amounts not exceeding five hundred dollars, exclusive of interest and costs. * * *"

Appellee's cause of action was one for money damages for trespass. The action was not an equitable action to quiet title.

As to appellant's contention the judgment was against the weight of the

evidence, there was testimony by appellee that appellant removed the trees, tree stump, and taxus out of her yard. She also introduced evidence as to the location of the line between the two properties showing that appellant entered her property to remove the items. She also offered evidence as to her damages.

There was competent evidence to support the judgment of the trial court and it is hereby affirmed.

*Judgment affirmed.*

DAHLING and FORD, JJ., concur.